**Lloyd L. OUTTEN, Jr., an individual, Plaintiff-Appellant,**

v.

**BANK OF NEW YORK MELLON CORP., FKA The Bank of New York, As Trustee for The Certificateholders of The CWABS, Inc., Asset Backed Certificates, Series 2007-3; et al., Defendants-Appellees.**

**No. 13-57173**

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2017 *

Filed July 3, 2017

Lloyd L. Outten, Jr., Pro Se

Joshua Ryan Hernandez, Esquire, Attorney, Robin Prema Wright, Esquire, Attorney, Wright, Finlay & Zak, LLP, Newport Beach, CA, for Defendants-Appellees Bank of New York Mellon Corp., Mortgage Electronic Registration Systems, Inc.

Joshua Ryan Hernandez, Esquire, Attorney, Wright, Finlay & Zak, LLP, Newport Beach, CA, Blake S. Olson, Attorney, Leslie M. Werlin, Esquire, McGuireWoods LLP, Los Angeles, CA, for Defendants-Appellees Countrywide Home Loans Inc., Bank of America, N.A.

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

Lloyd L. Outten, Jr., appeals pro se from the district court's judgment dismiss-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ing his diversity action alleging state law claims related to the foreclosure of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Outten's action because Outten failed to allege facts sufficient to state a plausible quiet title claim. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 163 Cal.Rptr.3d 804, 835 (2013) (a borrower cannot quiet title without first discharging the outstanding debt secured by a deed of trust); *see also Siliga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal.App.4th 75, 161 Cal.Rptr.3d 500, 507 (2013), *disapproved of in part on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal.4th 919, 199 Cal.Rptr.3d 66, 365 P.3d 845 (2016) ("California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender ... is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights.").

The district court did not abuse its discretion in dismissing Outten's action without granting further leave to amend because further amendment would be futile. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (setting forth standard of review and explaining that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint").

* The panel unanimously concludes this case is suitable for decision without oral argument.

The district court did not abuse its discretion in granting defendants' request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (setting forth standard of review).

The Bank of New York Mellon's request for judicial notice (Docket Entry No. 22) is granted.

**AFFIRMED.**